MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES *v.* STATE LABOR MEDIATION BOARD.

1. Appeal and Error—Court of Appeals—Jurisdiction—Labor Mediation Board.

   The Court of Appeals has jurisdiction and is the proper tribunal to review an order of the State labor mediation board, and should determine the substantive merits of an appeal from an order of the board for a union representation election (Const 1963, art 6, § 28; GCR 1963, 806).

2. Costs—Public Question—Jurisdiction of Court of Appeals.

   No costs are allowed on remand to Court of Appeals of case involving review of decision of State labor mediation board, which Court of Appeals declined to take because it said it lacked jurisdiction, a public question being involved.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and T. G. Kavanagh, JJ. Submitted March 5, 1968. (Calendar No. 23, Docket No. 51,702.) Decided June 10, 1968.

Statutory complaint filed in Court of Appeals by the Board of Trustees of Michigan State University,

References for Points in Headnotes

[1] 2 Am Jur 2d, Administrative Law § 731 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009.

a constitutional corporation, against the State labor mediation board for review of its order directing an election among employees and for stay of proceedings. Order entered denying jurisdiction in the cause. Plaintiff and intervenor, American Federation of State, County and Municipal Employees, AFL-CIO, a voluntary unincorporated association, appeal on leave granted. Local No. 547, International Union of Operating Engineers, AFL-CIO, an intervenor below, intervenes on appeal. Remanded to Court of Appeals to determine substantive merits of case.

*Anderson, Carr & Street (Leland W. Carr, Jr.,* of counsel), for plaintiff.

*Zwerdling, Miller, Klimist & Maurer (A. L. Zwerdling,* of counsel), for intervening appellant, American Federation of State, County and Municipal Employees, AFL-CIO.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for defendant State board.

*Leonard Meldman,* for intervening appellee, Local No. 547, International Union of Operating Engineers, AFL-CIO.

KELLY, J. Appellee, State labor mediation board, found certain of appellant's employees to "constitute an appropriate unit for the purpose of collective bargaining" and ordered that an election by secret ballot be conducted among those employees to determine "whether they desire to be represented for collective bargaining purposes by Local 547, International Union of Operating Engineers, AFL-CIO; the

American Federation of State, County & Municipal Employees, AFL-CIO, or neither."

Appellant board of trustees of Michigan State University, which is a constitutional corporation and a public employer, moved in the Court of Appeals for review of the order, stay of proceedings, and leave to appeal.[1]

The attorney general, for appellee, moved in the Court of Appeals for affirmation of the order.

The Court of Appeals denied all motions for the reason that that "Court lacks jurisdiction of this cause." Rehearing was likewise denied.

On application by appellant trustees and intervenor American Federation of State, County & Municipal Employees, AFL-CIO, we granted leave to appeal (379 Mich 754) to consider the issues of the jurisdiction of the Court of Appeals and the substantive merits of this case.

Const 1963, art 6, § 28, provides:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

Appellant calls attention to the fact that the only exception to this provision of the Constitution relates to workmen's compensation proceedings and the administration of property tax laws. Appellant ex-

---

[1] See PA 1947, No 336, § 16, subd (e), as added by PA 1965, No 379, and amended by PA 1965, No 397 (MCLA § 423.216, Stat Ann 1968 Cum Supp § 17.455[16]).—REPORTER.

plains application of the provision to the Court of Appeals as follows:·

"It is the claim of the appellant that the specific language of the Constitution was designed to insure that a party claiming to be aggrieved by the action of an administrative board or commission, or other agency, shall be granted leave to appeal. In seeking to obtain review of the order of defendant by the Michigan Court of Appeals, appellant relied on the constitutional provision quoted and also on GCR 1963, 806 as adopted by this Court and made effective as of January 1, 1965.[2] Said rule in specific terms empowered the Court of Appeals to grant leave to appeal from orders of administrative agencies, as are appealable to either said Court or to the Supreme Court. However, the Court of Appeals declined to consider the matter, stating in its order that it was without jurisdiction. No explanation was given as to the claim of want of authority in the premises."[3]

Appellee expressing agreement with appellant, but only on the question of jurisdiction, states:

"The Court of Appeals has jurisdiction in an application for leave to appeal from a State labor mediation board determination of a collective bargaining unit for public employees and an order of said board directing that an election be held to determine which of two unions, or neither, shall represent the unit for collective bargaining purposes."

We agree with appellant and appellee and remand to the Court of Appeals to determine the substantive

---

[2] See 373 Mich xx, xxxviii.—Reporter.

[3] GCR 1963, 806.2 provides:
"The Court of Appeals may grant leave to appeal from:
\* \* \*
"(2) Final or interlocutory judgments or orders of administrative agencies or tribunals which by law are appealable to the Court of Appeals or the Supreme Court."

merits of this case. No costs, a public question being involved.

DETHMERS, C. J., and T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and T. E. BRENNAN, JJ., concurred with KELLY, J.

BLACK, J., concurred in result.